**GRANT SCHOOL DISTRICT NO.3; et al., Plaintiffs—Appellants,**

v.

**Michael DOMBECK, Chief, United States Forest Service; et al., Defendants—Appellees.**

No. 00–35385.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.*

Decided March 16, 2005.

Susan E. Buxton, Esq., Moore, Smith, Buxton and Turcke, Chartered Attorneys at Law, Boise, ID, for Plaintiffs–Appellants.

Ellen J. Durkee, Esq., Lisa E. Jones, Esq., DOJ–U.S. Department of Justice Environment & Natural Resources Division, Judith Keith, United States Department of Justice Environmental Defense Section, Mark Stermitz, United States Department of Justice Wildlife & Marine Resources Section, Washington, DC, for Defendants–Appellees.

Before: REINHARDT, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Appellants, a group of citizens, organizations, and governmental entities of Grant County Oregon, seek declaratory and injunctive relief to compel the United States Forest Service to remove or treat timber in the Malheur National Forest. They do not challenge a particular instance of final agency action, but rather contend generally that the Forest Service unlawfully withheld or unreasonably delayed fulfilling its duties under the National Forest Management Act, 16 U.S.C. §§ 1600 *et seq.,* the Clean Water Act, 33 U.S.C. §§ 1311, 1313, and the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.,* in violation of the Administrative Procedure Act, 5 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 706(1). The district court dismissed for lack of subject matter jurisdiction and we affirm.

The Supreme Court's recent decision in *Norton v. Southern Utah Wilderness Alliance ("SUWA")*, — U.S. ——, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) controls the outcome here. In *SUWA*, the Court held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take,*" and not when the agency simply failed to fulfill its general statutory objectives. *Id.* at 2379. Appellants make no attempt to distinguish their case from the claims rejected in *SUWA*, and we see no basis upon which to do so.

Here, as in *SUWA*, the statutes and regulations at issue are "mandatory as to the object[s] to be achieved," but leave "a great deal of discretion in deciding how to achieve [them]." *Id.* at 2380. "General deficiencies in compliance, unlike the failure to issue a ruling ... lack the specificity requisite for agency action." *Id.* at 2381; *see also Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1109 (9th Cir. 2005) (applying *SUWA*). Accordingly, the district court correctly found that it lacked jurisdiction.

AFFIRMED.